# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1094 | **DATE** | 12/20/2001 |
| **CASE TITLE** | Bruce P. Golden v. Hotyellow98.com, Inc.; Troy Warren; Patricia Warren; Duaine Warren; NetSurf, Inc.; Bozidar Bosiljevac; Andrew Rok and Krzystztof Adamski | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, this case is remanded to the Circuit Court of Cook County. Further, this court finds that pursuant to 28 U.S.C. § 1447(c) plaintiff is entitled to recover any expenses, costs, and fees accrued in seeking this remand. This court retains jurisdiction as to the issue of fees and costs. Plaintiff to file an itemization of fees and costs by January 10, 2001; defendants to file objections to fees and costs by January 30, 2001. The issue of fees and costs will be taken under advisement and ruling will issue by mail.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | DEC 26 2001 date docketed | |
| X | Docketing to mail notices. | | 13 |
| X | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | DEC 26 2001 date mailed notice | |
| vg(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Bruce P. Golden ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 01 C 1094 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| Hotyellow98.com, Inc.; Troy Warren; ) | |
| Patricia Warren; Duaine Warren; NetSurf, ) | |
| Inc.; Bozidar Bosiljevac; Andrew Rok and ) | |
| Krzysztof Adamski ) | |
| ) | |
| **Defendants.** ) | |

DEC 2 6 2001

## MEMORANDUM OPINION AND ORDER

Before this court is plaintiff's, Bruce P. Golden ("plaintiff" or "Golden"), motion for costs and attorneys' fees for improper removal of Case Number 00 L 11789 ("Case 11789") under 28 U.S.C. 1447(c) against defendants NetSurf, Inc. ("Netsurf"), Bozidar Bosiljevac ("Bosiljevac"), Andrew Rok ("Rok") and Krzysztof Admaski ("Adamski") (collectively "Netsurf Defendants"). For the following reasons the plaintiff's motion is granted.

### Background

Golden originally filed Case 11789, a libel action, in the Circuit court of Cook County, Law Division. The caption read "Piranha, Inc. v. John Doe, Raging Bull and Unknown Others". On November 14, 2000, Golden obtained an order from the court allowing him to amend the complaint and revise the parties. Each of the parties named in the original complaint was deleted and the revised parties are those currently appearing on the above caption.

On January 19, 2001, Golden obtained from the court an order allowing him to serve the new defendants by fax, email, mail and/or certified mail. All four of the NetSurf Defendants

13

were served at NetSurf's principal place of business since 1988: NetSurf, Inc., 75 The East Mall, Suite 204, Toronto, Ontario M8Z 5W3.

All four of the NetSurf Defendants are represented by the same counsel, Michael B. Roche ("Roche"), Dolores Ayala ("Ayala"), and Racheal T. Nguyen ("Nguyen") of Schuyler, Roche & Zwimer. On February 16, 2001, counsel for the NetSurf Defendants filed a Notice of Removal on behalf of NetSurf and Adamski, two of the four NetSurf Defendants. Removal of the action was predicated on this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

On March 2, 2001, Golden filed a motion to remand ("Remand Motion"). NetSurf and Adamski filed a response to the Remand Motion on March 26, 2001, stating that they "do not object to Golden's request for an order remanding the case . . ." Rok and Bosiljevac did not join the response.

On April 11, 2001, this court entered an order remanding this case to the Circuit Court of Cook County.

**Discussion**

*A.    Jurisdiction*

First, in order to consider the plaintiff's motion, this court must have jurisdiction over the controversy. In Wisconsin v. Hotline, 236 F.3d 363 (7th Cir. 2000), the Seventh Circuit held that a district court has jurisdiction to award attorney's fees under § 1447(c) even if the removing party voluntarily withdraws its case and stipulates to a remand. Id. at 365. Consequently, despite the fact that this case has been properly remanded to the Circuit Court of Cook County, this court retains the authority to award attorneys fees and costs for improper removal.

*B.    May Fees Be Awarded*

Second, this court must review the circumstances under which § 1447(c) allows a party to recover fees for improper removal. The Seventh Circuit in LaMotte v. Roundy's, Inc., 27 F.3d 314 (7th Cir. 1994), held that § 1447(c) allows a district court to award costs pursuant to an order remanding a case either on the grounds that the court lacks subject matter jurisdiction or on the basis that the procedures for removal were not satisfied. Id. at 316. Therefore, in this case, even if the defendants provided valid grounds for removal to federal court, they still may be liable for fees and costs if removal was procedurally improper. See In re Continental Casualty Co., 29 F.3d 292, 293 (7th Cir.1994) ("Section 1447(c) thus sets up two categories of reasons for remand: a defect in the removal procedure and the absence of subject matter jurisdiction.").

Section 1447(c) provides, in relevant part, that "[a]n order remanding the case may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In Tenner v. Zurek, 168 F.3d 328 (7th Cir.1999), the Seventh Circuit held that § 1447(c) is not a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party. Consequently, an opponent's bad faith may strengthen the position of a party that obtained a remand, but it is not essential to an award, any more than under the multitude of other fee-shifting statutes. Id. at 329-330. The Tenner Court explained that "[b]y adding attorney's fees to costs which may be awarded after remand, Congress provided the statutory authorization necessary to award fees without a finding of bad faith. Congress has unambiguously left the award of fees to the discretion of the district court. Bad faith remains, of course, a factor that the district court may consider in the imposition of sanctions." Id. at 330 (internal citations omitted).

In this case, two of the four NetSurf defendants removed Case 11789 on the basis of

diversity jurisdiction pursuant to 28 U.S.C. § 1332. As a general rule, all defendants must join in a removal petition in order to effect removal. Northern Ill. Gas Co. v. Airco Indus. Gases Div. of Airco, Inc., 676 F.2d 270, 272 (7th Cir.1982). Defendants must express their unanimous support to the court within thirty days after the receipt by the defendant of the copy of the initial pleading containing the removable claim. Id. Production Stamping Corp. v. Maryland Casualty Co., 829 F.Supp. 1074, 1076 (E.D.Wis.1993) (quoting 28 U.S.C. § 1446(b)). There are, however, three exceptions to this rule: 1) where a defendant was not served with process at the time the removal petition was filed; 2) where a defendant is merely a nominal or formal party-defendant; or 3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). Production Stamping Corp. v. Maryland Casualty Co., 829 F.Supp. 1074, 1076 (E.D.Wis.1993).

The plaintiff argues that removal was improper because only two of the four NetSurf defendants joined in the Removal Notice. In response, the defendants contend that as of the date of the Removal Notice removal was proper because at the time that the Removal Notice was filed (February 16, 2001) counsel for the NetSurf Defendants believed that the other two defendants had not been served. In support of their "reasonable belief" argument, "[defendants'] counsel saw no evidence or indication that Rok or Bosiljevac, or any other defendant had been 'served.'" In an affidavit, defendants' counsel Nguyen states "I did not learn that Rok and Bosiljevac had been served until after I filed the Notice of Removal." Nguyen Aff. at ¶ 10. Although the counsel for the defendants argue that "as far as they could determine" Rok and Bosiljevac had not been served prior to filing the Removal Notice, counsel for the defendants do not argue that Rok and Bosiljevac had not been served by the date of the Removal Notice. Instead the argument shifts between a contention that service on Rok and Bosiljevac was improper and the claim that

counsel had a belief that there had been no service.

In fact, the evidence before this court sufficiently demonstrates that Rok and Bosiljevac had been served by February 16, 2000 - the date the Removal Notice was filed by defendants' counsel. On January 29, 2001, NetSurf and Adamski were served with a copy of the summons and complaint in the Circuit Court of Cook County, Illinois Case No. 00 L 11789 by certified mail and first-class U.S. Mail respectively. The NetSurf Defendants have admitted without qualification that NetSurf and Adamski were served. The exact summons was addressed to all four NetSurf defendants and served on the same to day, January 29, 2001 to NetSurf's principal place of business. The NetSurf defendants admit that "indeed all four of the NetSurf were ultimately served at this address." Response, 2. The word "ultimately", however, is peculiar, given that all four defendants were served on the same day and at the same location. Consequently, this court finds that plaintiff's counsel is entitled to be reimbursed by the NetSurf defendants or counsel for the NetSurf defendants for all costs, fees, and expenses accrued in seeking this remand.

*C. Rule 11 Sanctions*

This court does not find that the instant motion before this court is sufficient to either consider or impose Rule 11 sanctions on counsel for the defendants.

## Conclusion

For the foregoing reasons, this case is remanded to the Circuit Court of Cook County. Further, this court finds that pursuant to 28 U.S.C. § 1447(c) plaintiff is entitled to recover any expenses, costs, and fees accrued in seeking this remand. This court retains jurisdiction as to the issue of fees and costs. Plaintiff to file an itemization of fees and costs by January 10, 2001; defendants to file objections to fees and costs by January 30, 2001. The issue of fees and costs

will be taken under advisement and ruling will issue by mail.

Enter:

_____
David H. Coar
United States District Judge

Dated: DEC 20 2001