# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1094 | **DATE** | 3/14/2003 |
| **CASE TITLE** | Bruce P. Golden vs. HotYellow98.com, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Itemized Bill of Costs

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Court sets a hearing on May 8, 2003, at 9:45 a.m., on the issue of whether a settlement was reached that would preclude the award of Plaintiff's fees and costs.

/s/ David H. Coar

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 19 2003 | |
| | Notified counsel by telephone. | date docketed | 20 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | MAR 19 2003 | |
| jar/lc | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

03 MAR 18 PM 12:43
U.S. DISTRICT COURT
CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRUCE P. GOLDEN ) | |
| ) | No. 01 C 1094 |
| Plaintiff, ) | |
| ) | HONORABLE DAVID H. COAR |
| v. ) | |
| ) | **DOCKETED** |
| HOTYELLOW98.COM, INC., et al. ) | |
| ) | MAR 1 9 2003 |
| Defendants. ) | |

## OPINION AND ORDER

In accord with this Court's order of December 20, 2001, Plaintiff Bruce P. Golden ("Plaintiff") is entitled to recover expenses, fees, and costs associated with obtaining a remand to state court after an improper removal, pursuant to 28 U.S.C. § 1447(c). The Court has received full briefing on the Application for Fees.

Defendants Netsurf, Inc., Bozidar Bosiljevac, Andrew Rok, and Kryzsztof Adamski ("Defendants") objected to the fee application on three grounds. First, Defendants assert that the amount requested is foreclosed by a settlement agreement reached between the parties. Second, Defendants argue that Plaintiff's hourly rate of $425 is unreasonable. Third, Defendants object to the descriptions in the itemization of costs as being too general. Each argument will be addressed in turn.

### The Settlement Agreement

Defendants' first contention is that the fees are foreclosed by a settlement agreement. The only evidence of a settlement agreement is a letter dated August 30, 2001 that the Defendants' attorney sent to Plaintiff. (Def. Obj. Bill Costs, Ex. B) The letter references a telephone

1

conversation between the parties on August 29, 2001 wherein Plaintiff "agreed to settle any claims you may have" against the Defendants for five thousand dollars. (Id.) Defendants' August 30 letter indicates an intention to forward a settlement agreement reflecting those terms to Plaintiff for his signature. (Id.) Plaintiff submits, however, that the agreement was never finalized. (Pl. Resp. Def. Obj. Bill Costs, at 1) Plaintiff represents to the Court that Defendants never sent him a final settlement agreement nor did he receive the five thousand dollars mentioned in Defendants' attorney's letter. (Id.)

The meaning of the letter that Defendants' submitted with their objections is not crystal clear. Because it could reflect an agreement among the parties to settle the entire matter, including the matter of Plaintiff's fees, the issue of the settlement is a disputed matter of fact. The Court will not make a final fee award on this record until that factual issue is resolved. The Court will set a hearing on the issue of whether a settlement was reached that covered the fees and costs Plaintiff seeks to recover.

### Reasonableness of Plaintiff's Requested Fees and Costs

Defendants' second argument is that Plaintiff's fees and costs are unreasonable. In awarding legal fees, the Court's goal is to approximate the fee the attorney would have received in the market. Fogle v. William Chevrolet/Geo Inc., 275 F.3d 613, 615 (7th Cir. 2001). When awarding fees for improper removal, the party may only recover "actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

Plaintiff submitted an itemization of fees and costs detailing 16.25 hours of work on the remand motion and the associated fee application. Plaintiff requested compensation at the rate of $425.00 per hour. Plaintiff's itemization of costs also included $21.00 for photocopies (140

pages at $0.15/page) and $46.00 for facsimile transmissions (23 pages at $2.00/page). All told, Plaintiff requested fees and costs in the amount of $6,973.25.

Defendants' principle objection is to Plaintiff's hourly rate of $425. In support of Plaintiff's rate, he submitted the affidavit of George W. Spellmire, Jr., then a partner with the Chicago law firm D'Ancona & Plfaum. (Pl. Bill Costs, Ex. A) Defendant argues that Spellmire's affidavit should be rejected because it lacks sufficient support, citing to Fogle v. William Chevrolet/Geo Inc., 275 F.3d 613 (7th Cir. 2001). In Fogle, the Seventh Circuit upheld the District Court's finding that a $310 hourly rate was unreasonable. Fogle, 275 F.3d at 616. The attorney in Fogle submitted a supporting affidavit from an attorney who did "not practice law in Illinois or in any federal court, d[id] not even live in Illinois, ha[d] not practiced law since 1990, and made no study of the [relevant] Chicago (or any other) . . . lawyer market." Id. Under those circumstances, the supporting affidavit could and should have been questioned.

In this case, though, the supporting affidavit comes from an attorney, George Spellmire, Jr., who lives and practices in Chicago and appears regularly in the federal courts here. See Hanania v. Loren-Maltese, 212 F.3d 353 (7th Cir. 2000) (Spellmire argued); Jenkins v. Heintz, 124 F.3d 824 (7th Cir. 1997) (Spellmire appeared); Mace v. Van Ru Credit Corp., 109 F.3d 338 (7th Cir. 1997) (same); Industrial Hard Chrome, Ltd. v. Hetran, Inc., 92 F. Supp. 2d 286 (N.D. Ill. 2000) (same); Randle v. GC Services, L.P., 48 F. Supp. 2d 835 (N.D. Ill. 1999) (same). Spellmire's affidavit avers that Golden's hourly fee is reasonable for an attorney with his experience in this marketplace. (Pl. Bill Costs, Ex. A at ¶4) Additionally, Spellmire's affidavit indicates that Golden's hourly fee of $425 is similar to his own ($445/hour). (Id. at ¶1) The affidavit further asserts that Spellmire reviewed the files in this litigation prior to reaching his

conclusion about the reasonableness of the rates. (Id. at ¶3) This affidavit provides sufficient support for Plaintiff's hourly rate. Defendants' assertions that the fees are unreasonable are not factually supported in this case, so to the extent that Defendants' second objection goes to Golden's hourly rate, it is also overruled.

Although Defendants did not specifically object to the associated fees for photocopying and facsimile transmission, under § 1447(c) the Court can only award fees and costs for "actual expenses . . . incurred." The photocopying expenses of $0.15 per page are reasonable, but the $2.00 per page rate Plaintiff asserts for facsimile transmissions is unreasonably high. In this era, it is virtually impossible to imagine any attorney's office functioning without a fax machine. Given the fees that Golden commands in the marketplace (and the presence of a fax number on his letterhead), the Court is confident that his office maintains a working fax machine. Use of the in-office fax machine would reduce the cost considerably from $2.00 per page. Even if the Plaintiff ventured out of his office into the marketplace, the prevailing rate at Kinko's is only $1.00 per page for local fax transmissions. Since both Plaintiff's counsel and Defendants' counsel are in Chicago, facsimile transmission costs of more than $1.00 per page are unjustifiably high. To reflect prevailing market rates, the Court reduces the fees for facsimile transmissions from $46.00 to $23.00.

### Specificity of Plaintiff's Descriptions in the Bill of Costs

Defendants' final objection is that Plaintiff's descriptions in the bill of costs are insufficiently specific to insure that they were necessary to this litigation. Plaintiff's bill of costs contains fourteen separate entries. Defendants suggest that the bill of costs is "replete" with inadequate entries which must be "scrutinized, reduced, and/or disallowed." (Def. Obj. Bill

4

Costs, at 5) Most of the items on the bill of costs provide only a general description of the work being performed (e.g. "Review response to remand motion"), but the statute does not require detailed specific entries in support of a fee application. Plaintiff's descriptions are sufficient to identify the work performed and how it related to the improper removal and accompanying remand.

Defendant specifically objects to the entries "research case law", "review case law" and "T/C counsel for Netsurf." (Def. Obj. Bill Costs, at 5). Plaintiff billed 3.25 hours of time on March 1, 2001 for the following work: "Research removal statutes. Research case law. Review file. Start work on motion to remand." (Pl. Bill Costs, at 1) Reading the entry in the context of the full bill of costs, it seems likely that the bulk of the 3.25 hours billed on March 1, 2001 was spent working on the motion to remand, since the motion was filed the next day with only an additional 0.5 hours of work. The time Plaintiff spent "research[ing] case law" on March 1, 2001, therefore, is reasonable and sufficiently supported by the bill of costs.

As for the entry for "review[ing] case law," this is listed as taking place on "02/02/02." Since Plaintiff filed the motion on January 9, 2002, the Court assumes that the date should be listed as January 2, 2002 (01/02/02), and that the erroneous entry is simply a clerical error.[1] On that date, Plaintiff submits he spent 0.5 hours "[r]eview[ing] case law [and] work[ing] on bill of costs." This entry is also reasonable and sufficiently specific to support the fees sought.

Defendants' other specific objection is to the telephone conference entry. Plaintiff notes that he spent 4.0 hours on April 17, 2001 performing the following tasks: "T/C counsel for

---

[1] Defendants did not object to the clearly erroneous date entry. Nor did they object to the final entry, for finalizing the bill of costs on "02/08/02." (Pl. Bill Costs, at 2) Again, the Court assumes that this was a clerical error, and that the proper date should be January 8, 2002.

5

Netsurf. Start work on motion for fees and motion for sanctions." (Pl. Bill Costs, at 2) Defendant submits that Plaintiff's failure to include a description of the subject matter of the telephone conference should preclude Plaintiff from recouping the costs incurred for that time. The Court does not agree. Without disclosing the actual subject matter of the conversation (which might have been privileged), Defendants, whose counsel participated in the conversation, could have asserted that the subject matter was not related to the remand motion. They did not do so. On this record, the Court will not sustain Defendants' objection to the fees for the telephone conference.

### Additional Fees for Response

As a final matter, Plaintiff sought payment for an additional three hours of work at the $425 hourly rate for time spent preparing a response to Defendant's Objections. Plaintiff's responsive pleading was neither requested nor required for the resolution of this matter. Defendant could not have reasonably anticipated that Plaintiff would seek to file a response in such a situation. Consequently, the Court denies Plaintiff's request for fees related to the response.

### Summary

The Plaintiff's itemization of costs would entitle him to receive an amount of $6,950.25 from Defendants and their attorneys, jointly and severally, provided that the issue of fees and costs was not foreclosed by a settlement agreement. The Court does not have sufficient facts to make a finding as to whether the parties reached a settlement and whether the settlement, if any, would have covered the fees and costs sought in this application.

## CONCLUSION

The Court will hold a hearing on the issue of the settlement agreement on May 8, 2003, at 9:45 a.m.

**Enter:**

                                                        */s/ David H. Coar*
**David H. Coar**
**United States District Judge**

**Dated: March 14, 2003**